UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN GALLOWAY, individually, and on behalf of all other similarly situated, *et al.* | ) ) ) ) | |
| Plaintiffs, | ) | **Civil Action No.  1:07-cv-06435** |
| vs. | ) ) | |
| APARTMENT INVESTMENT AND MANAGEMENT COMPANY, *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**JOINT CASE MANAGEMENT STATEMENT**

**I.     BACKGROUND**

Defendant Apartment Investment and Management Company ("AIMCO") is a real estate investment trust ("REIT") which, by and through affiliates, owns apartment communities nationwide.  The remaining Defendants are subsidiaries of the REIT which currently employ, or have employed, the Plaintiffs as maintenance personnel at apartment communities located in New York.

As part of their job duties, maintenance personnel respond to calls from apartment tenants for emergency and non-emergency repairs.  Maintenance personnel are sometimes also required to be available to work after regularly scheduled hours on an on-call basis.  Plaintiffs allege that Defendants did not pay Plaintiffs either for all the time worked while on-call or for time spent waiting to receive emergency service requests during their on-call time.  Defendants contend they pay their maintenance personnel for time spent responding to tenant calls but contend they are not legally obligated to pay maintenance personnel for the time they spend engaged in non-work activities during their on-call time.

Plaintiffs' Amended Complaint asserts two separate claims for relief under wage and hour laws. First, Plaintiffs allege that they were not paid for hours worked in excess of 40 in a workweek spent responding to emergency tenant service requests while they were on-call (the "unpaid overtime claim"). Second, some, but not all, Plaintiffs allege that their ability to engage in personal pursuits while "on-call" was so limited that the time they spent "on call" waiting to receive emergency service requests from tenants should be compensable ("the waiting time claim"). Defendants deny the allegations of both claims.

The case before this Court is the result of a decision by the United States District Court for the District of Columbia denying certification of a nationwide collective action and class action suit. On August 7, 2003, certain maintenance technicians employed by Defendants filed in the United States District Court for the District of Columbia a collective and class action suit captioned *Chase v. AIMCO*, Civ. No. 1:03-CV-01683(JR). The plaintiffs in *Chase* made the same basic allegations as the Plaintiffs in this case. However, unlike this case, the plaintiffs in *Chase* sought certification of a nationwide collective action pursuant to § 216(b) of the Fair Labor Standards Act, and the certification of Maryland and California state law claims pursuant to Fed. R. Civ. P. 23. Judge James Robertson conditionally certified the case as a collective action, but dismissed the state law claims. Judge Robertson subsequently decertified the collective action, finding the facts incompatible with a nationwide collective action. The court in *Chase* then dismissed without prejudice the claims of the individuals who worked at properties outside of the District of Columbia, but allowed the claims of individuals who had filed consents and worked at properties located in the District of Columbia to proceed. The eighteen Plaintiffs in this case are individuals from New York who opted into the *Chase* litigation. Plaintiffs who were similarly dismissed from the *Chase* case and work (or have worked) at AIMCO properties located in other states have filed cases similar to this one in federal court in their respective

states. Including this case, twenty-two cases are currently pending across the country.

## II. DISCOVERY PLAN

Given that similar cases to this one have been filed in twenty-one jurisdictions across the country, the parties have agreed to limit initial discovery to an exchange of interrogatories, requests for production of documents, and requests for admissions, and to defer depositions to a later date. The parties believe that by so limiting initial discovery, the parties can resolve many of the claims before this Court or, at a minimum, narrow the issues that are truly in dispute. The parties also believe that limiting initial discovery as described herein will yield sufficient information such that settlement of Plaintiffs' claims may be a real possibility.

Therefore, the parties request that the Court order the following schedule for discovery:

(1) The Plaintiffs have filed an Amended Complaint and Defendants' counsel has agreed to accept service on Defendants' behalf. Defendants shall file an Answer to the Amended Complaint within thirty (30) days of the date they accept service of the Amended Complaint.

(2) The parties will exchange interrogatories, requests for production of documents, and requests for admissions on the date Defendants' counsel accepts service of the Amended Complaint on Defendants' behalf. The parties will not engage in deposition discovery at this juncture.

(3) The parties will exchange disclosures pursuant to Fed. R. Civ. P. 26(a)(1) at the time they respond to interrogatories, requests for production of documents and requests for admissions.

(4) The parties also jointly propose that the Court stay any pending case management conferences, as well as any reporting requirements pursuant to Fed. R. Civ. P. 16, for 180 days from the date of this Joint Case Management Statement to permit the discovery

3

identified above.

Dated: October 19, 2007                                Respectfully submitted,

By:  /s/Gregory Reilly                                 By:  /s/ Llezlie L. Green
    Gregory Reilly                                       Joseph M. Sellers
    LITTLER MENDELSON, P.C.                              Charles E. Tompkins
    885 Third Avenue, 16th Floor                         Llezlie L. Green  (lg-0911)
    New York, N.Y.  10022-4834                           COHEN, MILSTEIN, HAUSFELD &
    Telephone:  (212) 583-2861                           TOLL P.L.L.C.
    Facsimile:  (212) 832-2719                           1100 New York Avenue, N.W.
                                                         Suite 500, West Tower
    and                                                  Washington, DC  20005
                                                         Telephone:  (202) 408-4600
    John M. Husband, P.C.                                Facsimile:  (202) 408-4699
    Thomas E.J. Hazard, P.C.
    Christina F. Gomez                                   and
    Tanya E. Milligan
    HOLLAND & HART, LLP                                  Steig Olson (so-0414)
    555 Seventeenth Street                               COHEN, MILSTEIN, HAUSFELD &
    Suite 3200                                           TOLL, P.L.L.C.
    Denver, CO  80202                                    152 East 52nd Street
    Telephone:  (303) 295-8000                           Thirtieth Floor
    Facsimile:  (303) 295-8261                           New York, N.Y.  10022
    *Admission Pro Hac Vice Pending*                     Telephone:  (212) 838-7797
                                                         Facsimile:  (212) 838-7745

*Attorney for Defendants*

                                                                                                 *Attorneys for Plaintiffs*