## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN GALLOWAY, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **Civil Action No. 1:07-cv-06435-LTS** |
| | ) |
| APARTMENT INVESTMENT AND | ) |
| MANAGEMENT COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendants Apartment Investment and Management Company ("AIMCO"), AIMCO

Properties, L.P. ("AIMCO Properties"), NHP Management Company ("NHP"), and

AIMCO/Bethesda Holdings ("AIMCO/Bethesda") (collectively, "Defendants") hereby answer

Plaintiffs' First Amended Complaint as follows. Defendants deny each and every allegation of

the Complaint not specifically admitted.

### SUMMARY OF ALLEGATIONS

1.     Defendants deny each and every allegation of Paragraph 1.

2.     Defendants deny each and every allegation of Paragraph 2.

3.    Defendant AIMCO denies that it employed any employees at any time, and thus denies all allegations of Paragraph 3.[1] Defendants AIMCO Properties, NHP, and AIMCO/Bethesda admit that local property managers, at their discretion or the discretion of managers within their individual chains of command, may at various times have implemented an entirely lawful "adjusted work week," whereby, if certain employees worked overtime hours on any day during a particular work week, they would then be either asked, or required, to take off corresponding hours of regularly scheduled work time during that same work week. Except as so admitted, Defendants deny all other allegations of Paragraph 3.

4.    Defendants admit that "on-call" maintenance employees are not paid for "waiting" time--that is, personal time spent at home or elsewhere during non-regular hours while on-call. Except as so admitted, Defendants deny all other allegations of Paragraph 4.

5.    Defendants deny each and every allegation of Paragraph 5.

**JURISDICTION AND VENUE**

6.    Paragraph 6 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants admit the federal courts have subject matter jurisdiction over claims for relief under the Fair Labor Standards Act pursuant to

---

[1] Because Defendant AIMCO denies that it employed any employees at any time during the relevant period, it moots all of the remaining allegations of the Complaint against this Defendant. All further denials and responses by Defendants AIMCO, whether individually or as part of the collective grouping, "Defendants," expressly incorporates in the denials and responses that AIMCO did not employ any employees during the relevant time period.

the 28 U.S.C. § 1331.  Except as so admitted, Defendants deny all other allegations of Paragraph 6.

7.     Defendants admit the allegations of Paragraph 7.

8.     Defendants deny that they directly own any apartment complexes within the jurisdiction.  Defendants admit they own interests in entities that own apartment communities in this jurisdiction.

9.     Defendants deny that they directly manage any apartment complexes within the jurisdiction.   Defendants admit that they own interests in entities that manage apartment communities.

10.    Defendants admit that AIMCO Properties and Defendant NHP, and its successor, AIMCO/Bethesda, either directly or indirectly through other affiliates, employ or have employed employees in this jurisdiction.  Defendants deny that they were joint employers.

11.    Paragraph 11 states a legal conclusion, as to which no response is required.

**PARTIES**

12.    AIMCO admits that it is a Maryland corporation with its headquarters in Denver, Colorado.  AIMCO admits that, through its affiliates and subsidiaries, it is engaged in the acquisition, ownership, management, and redevelopment of apartment properties.  Except as so admitted, Defendants deny all other allegations of Paragraph 12.

3

13.    Defendant AIMCO Properties admits that it is a Delaware limited partnership.  Except as so admitted, Defendants deny all other allegations of Paragraph 13.

14.    Defendants deny the allegation in Paragraph 14 that AIMCO and AIMCO Properties are the same entities, as the two are, in fact, separate entities.

15.    Defendants admit that NHP was a wholly owned subsidiary of AIMCO/Bethesda through October 7, 2005, after which it was merged into AIMCO/Bethesda and ceased to exist.  Except as so admitted, Defendants deny all other allegations of Paragraph 15.

16.    Defendants admit that NHP and AIMCO/Bethesda were separate entities until NHP was merged into AIMCO/Bethesda on October 7, 2005.  Except as so admitted, Defendants deny all other allegations in Paragraph 16.

17.    Defendants admit that AIMCO/Bethesda is a Delaware corporation, and that its principal place of business is in Denver, Colorado.  Except as so admitted, Defendants deny all other allegations of Paragraph 17.

18.    Defendants admit that some or all of the named Plaintiffs are current or former employees of AIMCO Properties, NHP, or AIMCO/Bethesda who are or were employed as Service Technicians, and that such employees' responsibilities included apartment maintenance and responding to tenant requests for service.  Defendants have no job titles of Maintenance Supervisor or Service Director.  Except as so admitted, Defendants deny all other allegations of Paragraph 18.

4

19.    Defendants deny that there was a uniform on-call policy within the jurisdiction.

20.    Defendants admit that some or all of the named Plaintiffs are or were employed by AIMCO Properties, NHP, and/or AIMCO/Bethesda as Service Technicians at apartment communities within this jurisdiction.  Defendants have no job titles of Maintenance Supervisor or Service Director.  Except as so admitted, Defendants deny all other allegations in Paragraph 20.

## ALLEGATIONS OF PLAINTIFFS

### THE PUTATIVE CLASS

21.    Paragraph 21 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit..

### DEFENDANTS' ALLEGED FAILURE TO PAY FOR TIME SPENT RESPONDING TO EMERGENCY SERVICE CALLS

22.    Defendants deny the allegations in Paragraph 22.

23.    Defendants admit that many of the employees who work at properties owned by AIMCO affiliates are employees of AIMCO/Bethesda.  Except as so admitted, Defendants deny all other allegations of Paragraph 23.

24.    Defendants admit that AIMCO Properties and Defendant NHP and its successor, AIMCO/Bethesda, employ or have employed Service Technicians as hourly-paid workers.  Defendants have no job titles of Maintenance Supervisor or Service

Director and, as a result, deny the definition offered in Paragraph 24 is correct. Except as so admitted, Defendants deny all other allegations of Paragraph 24.

25.    Defendants admit that among the responsibilities of some or all Service Technicians are duties similar to those described in Paragraph 25. Except as so admitted, Defendants deny all other allegations of Paragraph 25.

26.    Defendants admit that at some properties, Service Technicians do have rotating on-call service responsibilities, arranged and defined in numerous ways depending on individual circumstances at each such property, with respect to maintenance emergencies that occur during hours in which no maintenance employee is regularly scheduled to work. Except as so admitted, Defendants deny all other allegations of Paragraph 26.

27.    Defendants deny that Service Technicians' on-call schedules can be uniformly characterized, as the circumstances vary at each apartment community.

28.    Defendants admit that their apartment communities strive to provide tenants with prompt service. Except as so admitted, Defendants deny all other allegations of Paragraph 28.

29.    Defendants deny that they have a policy as characterized in Paragraph 29.

30.    Defendants state that the website speaks for itself, and deny the remaining allegations of Paragraph 30.

31.    Defendants deny all allegations of Paragraph 31.

32.    Defendants deny all allegations in Paragraph 32.

33.    Defendants deny all allegations in Paragraph 33.

34.    Defendants deny all allegations of Paragraph 34.

35.    Defendants deny all allegations of Paragraph 35.

36.    Defendants deny all allegations of Paragraph 36.

37.    Defendants deny all allegations of Paragraph 37.

38.    Defendants deny all allegations of Paragraph 38.

39.    Defendants deny all allegations of Paragraph 39.

40.    Defendants deny all allegations of Paragraph 40.

41.    Defendants deny all allegations of Paragraph 40.

42.    Defendants deny all allegations of Paragraph 42.

43.    Defendants deny all allegations of Paragraph 43.

44.    Defendants deny all allegations of Paragraph 44.

45.    Defendants deny all allegations of Paragraph 45.

46.    Defendants deny all allegations of Paragraph 46.

47.    Defendants deny all allegations of Paragraph 47.

48.    Defendants deny all allegations of Paragraph 48.

## DEFENDANTS' ALLEGED IMPROPER FAILURE TO PAY FOR TIME SPENT WAITING FOR EMERGENCY SERVICE CALLS

49.    Defendants deny all allegations of Paragraph 49.

50.    Defendants deny all allegations of Paragraph 50.

51.    Defendants admit that while on-call, Service Technicians may carry a beeper or cellular phone to respond to emergency service requests from tenants.  Except as so admitted, Defendants deny all other allegations of Paragraph 51.

52.    Defendants deny that there is a uniform on-call process at all properties located in this jurisdiction, and therefore deny the allegations of Paragraph 52.

53.    Defendants deny all allegations of Paragraph 53.

54.    Defendants deny all allegations of Paragraph 54.

55.    Defendants deny all allegations of Paragraph 55.

56.    Defendants deny all allegations of Paragraph 56.

57.    Defendants deny all allegations of Paragraph 57.

58.    Defendants deny all allegations of Paragraph 58.

59.    Defendants deny all allegations of Paragraph 59.

60.    Defendants deny all allegations of Paragraph 60.

61.    Defendants deny all allegations of Paragraph 61.

62.    Defendants admit that "on-call" Service Technicians are paid for time they spend responding to tenant calls for service during on-call periods and are not compensated for their personal time, spent at home or elsewhere, during non-regular hours while on-call.  Except as so admitted, Defendants deny all other allegations of Paragraph 62.

63.    Defendants deny all allegations of Paragraph 63.

## STATE LAW CLASS ALLEGATIONS

64.    Paragraph 64 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

65.    Paragraph 65 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants deny that John Galloway is an adequate or typical class representative.

66.    Paragraph 66 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

67.    Paragraph 67 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

68.    Paragraph 68 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants deny that John Galloway's claim is typical or that they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

69.    Paragraph 69 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

70.    Paragraph 70 states a legal conclusion, as to which no response is required. To the extent a response is required, Defendants deny they have violated the

wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

71.     Paragraph 71 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

72.     Paragraph 72 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

73.     Paragraph 73 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

74.     Paragraph 74 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

75.     Paragraph 75 states a legal conclusion, as to which no response is required.  To the extent a response is required, Defendants deny they have violated the wage and hour laws of this State or that the requirements of Fed.R.Civ.P. 23 are satisfied in this lawsuit.

## CLAIMS FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief they seek in Paragraphs I, II, III or IV of the Claims for Relief alleged in their Complaint.

## AFFIRMATIVE DEFENSES

### Failure to State a Cause of Action

The Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### Release

The Complaint, and each purported cause of action therein, is barred to the extent Plaintiffs signed a release of such claims.

### Violation of Due Process

The Complaint, and each purported cause of action contained therein, violates Defendants' right to due process under the United States Constitution, the Constitution of this State, and other laws of this State.

### Statute of Limitations

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs seek relief for conduct occurring outside the applicable statutes of limitations.

### Good Faith

Plaintiffs are not entitled to any penalty award under any law because at all times relevant and material herein, Defendants acted in good faith and had reasonable grounds for believing that they did not violate applicable law.

11

## De Minimis Doctrine

The Complaint, and each purported cause of action contained therein, is barred in whole or in part by the *de minimis* doctrine.

## Waiver

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiffs have waived all claims asserted therein.

## Estoppel

The Complaint, and each purported cause of action contained therein, is barred because any conduct of Defendants which is alleged to be unlawful was taken as a result of and in reasonable reliance on conduct by Plaintiffs, and Plaintiffs are thus estopped to assert any cause of action against Defendants.

## Laches

The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs inexcusably and unreasonably delayed the filing of this action, causing prejudice to Defendants.  Specifically, Plaintiffs waited up to five years to file this action, and did not otherwise notify Defendants of the allegation that they believed they were due additional compensation, including but not limited to that that they were due pay for "waiting time" while on-call for maintenance emergencies (which allegation is denied by Defendants), thereby causing prejudice to Defendants.

## Unclean Hands

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs have been guilty of improper conduct connected to matters alleged in the Complaint.

## Failure to Mitigate

Any damages should be reduced to the extent that Plaintiffs failed to mitigate them.

## Paid All Sums

The Complaint, and each purported cause of action contained therein, is barred because Defendant has paid Plaintiffs all sums due them.

## Prior Breach

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs have breached an applicable contract with Defendants, if any.

## Offset

The Complaint, and each purported cause of action therein, is barred to the extent that the claims of Plaintiffs are subject to an offset, representing amounts improperly obtained from Defendants or which would constitute unjust enrichment of Plaintiffs and the putative class.

## Accord and Satisfaction

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiffs entered into an accord with Defendants extinguishing the

13

obligations that are the basis of the Complaint, and Defendants have satisfied all
obligations required under the accord.

### Collateral Estoppel and Res Judicata

The Complaint, and each purported cause of action therein, is barred under the
doctrine of collateral estoppel and res judicata.

### Exhaustion of Remedies

Plaintiffs have failed to exhaust administrative processes implemented by
AIMCO Properties, NHP, and/or AIMCO/Bethesda to prevent off the clock work and to
resolve any alleged uncompensated work claims without resort to litigation.

### No Uncompensated Work Performed

Plaintiffs have not performed any uncompensated work.

### No Knowledge of Uncompensated Work

Defendants had no knowledge of, nor should they have had knowledge of, any
uncompensated work by Plaintiffs, and they did not authorize, require, request, suffer,
or permit such activity by Plaintiffs.

### Outside Managerial Scope of Employment

If any supervisor or manager authorized, required, requested, suffered, or
permitted an employee to perform uncompensated work, such acts were ultra vires, and
the supervisor or manager acted outside the scope of his or her employment.

### Adequate Legal Remedy

Plaintiffs have an adequate remedy at law, thus injunctive and declaratory relief
is inappropriate.

14

<u>Bonus Offset</u>

Defendants have paid some Plaintiffs bonuses premised on the fact that these individuals and other employees have not worked off the clock and have not allowed uncompensated work to occur.  To the extent that these individuals engaged in or allowed uncompensated work, they were not entitled to said bonuses.  All bonus amounts, and overtime payments attributable to bonus amounts, should be credited or set off against any alleged monies owed to managers who engaged in or allowed uncompensated work.

<u>Arbitration</u>

Plaintiffs' claims are subject to valid and enforceable arbitration agreement, and Plaintiffs have failed to exhaust their contractual remedies under the agreements.

<u>Alleged Unpaid Time is Not Compensable</u>

All or part of the time for which Plaintiffs seek compensation does not constitute compensable working time.

<u>Failure to Plead Requite Elements for Class Action</u>

Plaintiffs' class action claims are barred by Plaintiffs' failure to plead requisite elements of Fed. R. Civ. P. 23.


Defendants reserve the right to amend this Answer to allege any additional defenses as may later become available or apparent.  Further, Defendants reserve the right to withdraw any defenses subsequently determined to be inapplicable.  Nothing

15

stated in the foregoing defenses constitutes a concession that Defendants bear any

burden of proof on any issue on which it would not otherwise bear such burden.

**WHEREFORE, Defendants pray for judgment as follows:**

    a.      That Plaintiffs take nothing by virtue of this action;

    b.      That judgment be entered in favor of Defendants and against Plaintiffs and that the action be dismissed with prejudice;

    c.      For Defendants' costs of suit and attorneys' fees incurred herein; and

    d.      For such other and further relief as the Court deems proper.

Dated: October 24, 2007.

Respectfully submitted,


s/Gregory B. Reilly
Gregory B. Reilly
Littler Mendelson, P.C.
885 Third Avenue
16th Floor
New York, NY  10022-4834
Phone:  (212) 583-2681
Fax:  (212) 832-2719

and

John M. Husband, P.C.
Thomas E.J. Hazard, P.C.
Christina F. Gomez
Tanya E. Milligan
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO  80202-3979
Phone: (303) 295-8000
Fax: (303) 295-8261
jhusband@hollandhart.com
tehazard@hollandhart.com
cgomez@hollandhart.com
tmilligan@hollandhart.com
*Admission for all pro hac pending*

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2007, I electronically filed the foregoing Answer and Affirmative Defenses to First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

>        lgreen@cmht.com
>        solson@cmht.com

s/Gregory B. Reilly

3780573_1.DOC

18